IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MICHAEL THOMAS,
    Petitioner,

vs.                                        Case No.: 5:06cv90/RS/EMT

JAMES R. McDONOUGH,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Petitioner's petition for writ of habeas corpus filed under 28 U.S.C. § 2254 (Doc. 1). Respondent filed a motion to dismiss the petition as untimely (Doc. 11). Petitioner filed a response in opposition to the motion (Doc. 14).

This matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N. D. Fla. Loc. R. 72.2(b). After careful consideration of all issues raised by Petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for disposition of this matter. *See* Rules Governing Section 2254 Cases 8(a). It is further the opinion of the undersigned that the pleadings and attachments before the court show that the instant petition is time barred.

I.    BACKGROUND AND PROCEDURAL HISTORY

The procedural background of this case is undisputed by the parties and established by the state court record. Petitioner was originally charged in the Circuit Court for Gulf County, Florida, with one count of sale or delivery of a controlled substance in each of three separate informations filed in case numbers 00-236CF, 00-238CF, and 01-58CF (Doc. 11, Ex. A). On May 7, 2002, Petitioner pleaded nolo contendere as charged, pursuant to a written plea agreement (Doc. 11, Ex. B). The terms of the plea agreement provided that Petitioner would be adjudicated guilty as charged

and receive a sentence of three (3) years of probation (*id*.). The same day, Petitioner was adjudicated guilty of all counts (Doc. 11, Ex. C at 36-37). On May 14, 2002, the court entered a written order placing Petitioner on probation for three concurrent terms of three years with several conditions, including the conditions of the "drug package," which required Petitioner to remain in his residence between 7:00 p.m. and 7:00 a.m., required him to remain in his county of residence, prohibited him from visiting several locations (presumably, areas with frequent drug activity), and prohibited him from visiting any establishment where the primary purpose was the sale or distribution of alcohol (*id*. at 43-45). On May 28, 2002, Petitioner filed a motion to correct/modify sentence, requesting that the "drug package" conditions be deleted (Doc. 11, Ex. D at 46-47). On June 11, 2002, the court granted the motion and modified Petitioner's probation to delete the "drug package" (*id*. at 48). Petitioner did not file a direct appeal of his convictions or sentences.

Petitioner was subsequently arrested for violating his probation (*see* Doc. 11, Exs. F, K). Petitioner contested the violation, and an evidentiary hearing was held on May 18, 2004 (Doc. 11, Ex. G). Upon conclusion of the hearing, Petitioner was convicted and sentenced to three concurrent terms of eight years of incarceration (Doc. 11, Exs. F, G, H). Petitioner appealed his probation violator conviction and sentence to the Florida First District Court of Appeal (First DCA). Petitioner's appellate counsel filed a brief asserting that counsel was unable to make a good faith argument that reversible error occurred in the trial court, in accordance with Anders v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) (Doc. 11, Ex. L). Petitioner did not file a pro se initial brief. The First DCA affirmed the convictions and sentences per curiam without opinion on June 6, 2005, with the mandate issuing July 5, 2005 (Doc. 11, Ex. M). Thomas v. State, 903 So. 2d 942 (Fla. 1st DCA June 6, 2005) (Table).

On June 3, 2004, Petitioner filed a motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (*see* Doc. 1 at 2; Doc. 11, Ex. N). Petitioner challenged his original convictions and probationary sentences imposed on May 7, 2002, asserting three grounds of ineffective assistance of counsel and one ground of trial court error (*see* Doc. 1 at 2-3; Doc. 11, Ex. N; *see also* Ex. U, Petition for Writ of Habeas Corpus for Belated Appeal at 3). The motion was denied on January 26, 2005 (Doc. 11, Ex. P). Petitioner appealed the decision to the First DCA, and the First DCA affirmed the decision per curiam without opinion on June 8, 2005,

with the mandate issuing July 6, 2005 (Doc. 11, Ex. T).  Thomas v. State, 903 So. 2d 942 (Fla. 1st DCA June 8, 2005) (Table).

On March 8, 2005, while his appeal was pending, Petitioner filed a petition for writ of habeas corpus in the First DCA seeking belated appeal of his original convictions and probationary sentences on the ground that the trial court erroneously denied his motion to withdraw his nolo contendere plea to the original charges (Doc. 11, Ex. U).  The First DCA denied the petition per curiam without opinion on May 16, 2005 (Doc. 11, Ex. V).  Thomas v. State, 903 So. 2d 195 (Fla. 1st DCA May 16, 2005) (Table).

On July 11, 2005, Petitioner filed a motion for reduction or modification of his probation violator sentence, pursuant to Rule 3.800(c) of the Florida Rules of Criminal Procedure (Doc. 11, Ex. W).  The trial court denied the motion on September 29, 2005 (*id*.).

Petitioner filed the instant habeas action on April 23, 2006 (Doc. 1 at 6).  He challenges his original convictions on some of the same grounds raised in his Rule 3.850 motion (*id*. at 4).

Pursuant to the requirements set forth in 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L.No. 104-132, 110 Stat. 1214, which became effective on April 24, 1996, a one year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment.  The limitation period runs from the latest of:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244(d)(1).

In the instant case, Petitioner does not assert that a government-created impediment to his filing existed, that he bases his claim on a right newly recognized by the Supreme Court, or that the facts supporting his claim could not have been discovered through the exercise of due diligence before the date his conviction became final.  Thus, the statute of limitations must be measured from the remaining statutory trigger, which is the date on which his conviction became final.  *See* 28 U.S.C. § 2244(d)(1).

Petitioner contends that the federal limitations period should begin on the date his conviction for violating his probation became final (Doc. 14 at 2-3).  However, Respondent contends that because Petitioner's federal habeas petition contests only his original judgment of conviction and does not challenge his probation violator conviction or sentence, the federal limitations period began to run when his original convictions and sentences became final (Doc. 11 at 11-16).

Upon review of the claims raised in the instant petition, it is clear that Petitioner challenges only his original convictions and sentences.  In his first ground for relief, Petitioner claims that the attorney who represented him on the original charges provided ineffective assistance because he failed to consult with Petitioner and failed to investigate any defenses that may have been available to him, thus causing him to enter a nolo contendere plea (Doc. 1 at 4, supporting memorandum at 1-4).  In his second ground for relief, Petitioner claims that the trial court erred in accepting his nolo contendere plea to the original charges and denying his motion to withdraw his plea because there was not a sufficient factual basis for the plea (Doc. 1 at 4, supporting memorandum at 5-9). Because Petitioner is challenging only his original conviction, the federal limitations period runs from the date the original judgment of conviction became final and not the date the probation violator judgment became final.  *See* Rainey v. Sec'y for Dept. of Corrections, 443 F.3d 1323, 1326 (11th Cir. 2006) (when a habeas petitioner who has been resentenced brings an application challenging only his original judgment of conviction, the one-year statute of limitations under the AEDPA runs from the date the original judgment of conviction became final and not the date the resentencing judgment became final).

In Florida, if a defendant does not appeal his conviction or sentence, the judgment becomes final when the thirty-day period for filing a notice of appeal expires.  *See* Fla. R. App. P. 9.110(b);

Case No:  5:06cv90/RS/EMT

Gust v. State, 535 So.2d 642 (Fla. 1st DCA 1988).  The 30-day period begins to run on the date the order to be reviewed is "rendered."  *See* Fla. R. App. P. 9.110(b).  An order is "rendered" when the signed, written order is filed with clerk of lower tribunal; however, if the defendant files an authorized and timely motion to correct a sentence or order of probation, the final judgment is not deemed rendered until the filing of a signed, written order disposing of the motion.  *See* Fla. R. App. P. 9.020(h); Hyden v. State, 715 So. 2d 960, 961 (Fla. 1st DCA 1998).  In the instant case, the Judgment of Guilt and Placing Defendant on Drug Offender Probation was entered on May 14, 2002 (*see* Doc. 11, Ex. C at 43-45); however, because Petitioner filed a timely motion to correct sentence, the final judgment and sentence were not rendered until June 11, 2002, when the written order granting the motion was filed with the clerk (*see* Doc. 11, Ex. D at 48).  Petitioner had thirty days from that date to file a notice of appeal.  Petitioner did not do so, and once the time for filing a direct appeal expired, the possibility of petitioning the United States Supreme Court for a writ of certiorari became moot.  *See* Nara v. Frank, 264 F.3d 310, 314 (3d Cir. 2001) (noting that, where petitioner did not appeal conviction, petitioner's conviction became final at expiration of time to file direct appeal in state court).  Thus, Petitioner's one-year federal limitations period began to run on July 12, 2002, upon expiration of the 30-day period for filing a notice of appeal, and the federal limitations period expired on July 12, 2003.

       This court must next address whether the limitations period was tolled pursuant to statutory or equitable tolling principles.  Section 2244(d)(2) provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In the instant case, the record shows that six hundred ninety-two (692) days elapsed from July 12, 2002, the date Petitioner's conviction became final, to June 3, 2004, the date Petitioner filed his Rule 3.850 motion challenging his challenging his original conviction and sentence.  Thus, by the time Petitioner filed this post-conviction motion, the 365-day federal limitations period had already expired.  As Petitioner's Rule 3.850 motion was filed after expiration of the federal limitations period, that motion did not toll the limitations period.  *See* Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000).

Case No: 5:06cv90/RS/EMT

In his response to the motion to dismiss, Petitioner contends he is entitled to equitable tolling of the limitations period from May 7, 2002, the date he was adjudicated guilty of the original charges, to May 18, 2004, the date he was adjudicated guilty of the probation violation, because his counsel denied him access to the trial court by failing to file a motion to withdraw his plea and denied him access to the appellate court by failing to file a notice of appeal of his original conviction (Doc. 14 at 2-3). Petitioner states he could not file a federal habeas petition during that period because he was on probation, not incarcerated, and thus did not satisfy the "in custody" requirement of § 2254 (*id*. at 2).

"Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition." Helton v. Sec'y for Dep't of Corr., 259 F.3d 1310, 1312 (11th Cir. 2001). However, equitable tolling is an extraordinary remedy that is applied sparingly; indeed, it is appropriate only "when a movant untimely files because of extraordinary circumstances that are both beyond his control *and* unavoidable even with diligence." Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999); *see also* Wade v. Battle, 379 F.3d 1254, 1264-65 (11th Cir. 2004) (quoting Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002) and Sandvik, *supra*). "The focus of the inquiry regarding 'extraordinary circumstances' is 'on the circumstances surrounding the late filing of the habeas petition' and not on the circumstances of the underlying conviction, and whether the conduct of others prevented the petitioner from timely filing." Arthur v. Allen, 452 F.3d 1234, 1253 (11th Cir. 2006) (quoting Helton, 259 F.3d at 1314-15) (citing Lawrence v. Florida, 421 F.3d 1221, 1226 (11th Cir. 2005), *cert. granted on other grounds*, --- U.S. ---, 126 S. Ct. 1625, 164 L. Ed. 2d 332 (2006)). The burden of establishing entitlement to this extraordinary remedy rests with Petitioner. Wade, *supra*; Drew, *supra*.

In the instant case, Petitioner has alleged no facts to suggest that he ever attempted to file his federal habeas corpus petition within the limitations period, much less that he diligently pursued relief. *See* Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999) (explaining that for equitable tolling to apply, the petitioner must diligently pursue relief). Furthermore, the reasons Petitioner proffers for his delay do not constitute "extraordinary circumstances." His allegations of trial counsel's ineffectiveness focus on those circumstances surrounding Petitioner's underlying

conviction and direct appeal, and not to those surrounding the late filing of his habeas petition. Such allegations do not justify application of the equitable tolling doctrine. *See* Helton, 259 F.3d at 1314-15 ("The 'extraordinary circumstances' standard applied in this circuit focuses on the circumstances surrounding the late filing of the habeas petition, rather than the circumstances surrounding the underlying conviction. . . . [A] district court err[s], therefore, [if it] focus[es] upon the merits of the case to justify equitable tolling."); McLester v. Hopper, 67 F. Supp. 2d 1308, 1310-11 (M.D. Ala. 1999) (rejecting petitioner's argument that averments contained in petition concerning trial counsel's alleged "dearth of representation" at the time of petitioner's convictions and counsel's "inexcusable neglect in failing to file a timely notice of appeal" supported application of equitable tolling doctrine, where petitioner failed to demonstrate either that an inequitable event prevented his timely filing or that he exercised due diligence).

Moreover, it is well established that the "in custody" requirement of § 2254 may be met where a petitioner is on probation. *See* Duvallon v. Florida, 691 F.2d 483, 485 (11th Cir. 1982) (citations omitted). Petitioner's own ignorance of the law in this regard does not justify equitable tolling. *See, e.g.,* Marsh v. Soares, 223 F.3d 1217 (10th Cir. 2000) (neither inmate's ignorance of the law, nor inadequacy of services of inmate law clerk who helped draft habeas petition, nor fact that prison law library was closed for 15 days entitled petitioner to equitable tolling of limitations period). Thus, Petitioner's contention that he was unable to file his federal petition on time because he did not satisfy the "in custody" requirement does not entitle him to equitable tolling.

As Petitioner's federal petition is untimely, and he has failed to demonstrate his entitlement to equitable tolling of the limitations period, or that application of any other exception to the time bar is warranted, this court concludes that the instant petition should be dismissed as untimely pursuant to 28 U.S.C. § 2244(d).

Accordingly, it is respectfully **RECOMMENDED**:

1. That Respondent's motion to dismiss (Doc. 11) be **GRANTED**.

2. That the petition for writ of habeas corpus (Doc. 1) be **DISMISSED with prejudice** as untimely.

At Pensacola, Florida, this 3rd day of November 2006.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**